IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-cr-094-F |
| | ) | WO |
| HARRISON CUNNINGHAM | ) | |

# **O R D E R**

On May 18, 2005, defendant filed a Motion to Continue (Doc. #17). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that counsel for the defendant will be out of the country from July 27, 2005 through August 1, 2005 and the week of August 1, 2005 is a criminal jury trial week in the Montgomery County Circuit Court and counsel for defendant has several cases which may be tried during the week of August 1, 2005 after his return from Canada. In addition,

the defendant and counsel need additional time to prepare this case for trial. Counsel for the government does not oppose this motion. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. See United States v. Davenport, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

    Accordingly, it is hereby ORDERED:

    1. That the defendant's motion filed on May 18, 2005 is GRANTED;

    2. That the trial of this defendant is continued from the August 1, 2005 trial term to the November 7, 2005 trial term.

    3. That the Magistrate Judge conduct a pretrial conference prior to the November 7, 2005 trial term.

    DONE this 1st day of June, 2005.

                                                /s/ Mark E. Fuller
                                       CHIEF UNITED STATES DISTRICT JUDGE